IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  *Plaintiff,*  vs.  JEREMY HARRIS,  *Defendant.* | Case No. 13-10156-02-EFM |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Jeremy Harris's Motion to Terminate Supervised Release (Doc. 221). Defendant filed the motion on February 20, 2024. He represents that the United States Probation Office ("USPO") does not take a position on the request. The government opposes the motion. For the reasons stated below, the Court grants Defendant's motion.

In 2015, Defendant pleaded guilty to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). He was sentenced to 144 months' imprisonment followed by five years' supervised release. In 2020, Defendant's imprisonment term was reduced to 115 months. Defendant began his term of supervised release on February 9, 2021.

-2-

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a previously imposed term of supervised release after the defendant completes one year of it.  It is within the Court's discretion whether to grant a motion to terminate supervised release.[1]  In considering a request for early termination, § 3583(e)(1) directs the Court to weigh the factors set forth in § 3553(a) to the extent that they are applicable.[2]  The Court may grant such a motion if it is satisfied that early termination is warranted by the conduct of the defendant and is in the interest of justice.[3]

After considering the factors, the Court concludes that the motion should be granted.  The Court first notes that the government opposes the motion asserting that Defendant's Presentence Investigation Report indicates that Defendant threatened to kill the Assistant United States Attorney ("AUSA") assigned to his case, and a law enforcement officer who investigated the case.  These are very serious concerns.  Yet, the Court notes that there are no allegations that he took any steps in furtherance of the threats.  Indeed, at Defendant's sentencing, the sentencing court found that an obstruction of justice enhancement was inapplicable because there was no evidence that Defendant actually threatened the AUSA.[4]  Furthermore, these allegations occurred over ten years ago and do not reflect Defendant's current position.

Defendant has been compliant with all the terms of his supervised release, and he has had no violations.  Defendant's employment and residence have been stable, and he has worked for the same employer for the past three years.  In addition, Defendant states that he hopes that the

---

[1] *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (citing 18 U.S.C. § 3583(e)(1)).

[2] 18 U.S.C. § 3583(e)(1).

[3] *Id.*

[4] *See* Doc. 176.  Judge Belot was previously assigned to this case.  There was no discussion regarding threats to a law enforcement officer, presumably because there was no evidence before the Court.

termination of his supervised release will help him become eligible for a promotion to the role of a supervisor. In sum, Defendant's performance on supervised release weighs in favor of the motion. Accordingly, the Court finds that it is in the interest of justice that Defendant's Motion to Terminate Supervised Release be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Terminate Supervised Release (Doc. 221) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 16th day of April, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE